# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

NANCY A. RAABE,

       Plaintiff,

v.                                         Case Number: 2:23-cv-00580

OFFICER HARVEY, et al.,

       Defendants.

## PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 17]. For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that this matter be **DISMISSED** for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### I.

Plaintiff Nancy A. Raabe ("Plaintiff") initiated this civil action in the Circuit Court of Kanawha County, West Virginia on April 12, 2023, asserting a claim against "Officer Harvey" and "John/Jane Doe(s)" pursuant to 42 U.S.C. § 1983. [ECF No. 1-1]. Plaintiff's suit stems from an alleged incident on April 12, 2021, when Officer Harvey and other

employee(s) of the Metropolitan Drug Enforcement Network Team stopped Plaintiff and subjected her to an unlawful search of her person in a manner that unreasonably intruded onto her bodily integrity. *Id.* at 1-2. Officer Harvey removed the action to this Court on August 28, 2023, and this matter proceeded to discovery. [ECF Nos. 1; 4; 6]. On March 4, 2024, the undersigned entered an order compelling Plaintiff to respond to Officer Harvey's overdue discovery requests by April 3, 2024. [ECF No. 12]. Plaintiff did not comply with the Court's Order.

Subsequently on April 24, 2024, Plaintiff's counsel Paul M. Stroebel filed a motion for leave to withdraw as counsel on behalf of the Plaintiff. [ECF No. 14]. Therein, Mr. Stroebel reported that he had been unable to communicate with Plaintiff for approximately ten months, despite numerous attempts to initiate contact. *Id.* In an Order dated April 26, 2024, Judge Copenhaver granted Mr. Stroebel's request to withdraw as counsel for the Plaintiff and referred this civil action to the undersigned for all further proceedings. [ECF No. 17]. Thereafter on April 29, 2024, the undersigned entered an Order requiring Plaintiff to file a Status Report on or before May 17, 2024, "informing the Court whether Plaintiff intends to proceed with this civil action, and if so, whether she intends to retain new counsel or to proceed pro se." *Id.* The undersigned's Order expressly notified Plaintiff in bold, capitalized, and underlined text that her failure to comply with the Order would result in the undersigned's recommendation to Judge Copenhaver that this civil action be dismissed with prejudice. *See id.*

The first-class envelopes containing Judge Copenhaver's Order of referral as well as the undersigned's April 29, 2024 Order were both returned to the Clerk of Court as undeliverable by the U.S. Post Office ("USPS"), and marked "Return to Sender." [ECF Nos. 19; 20]. However, the USPS listed Plaintiff's forwarding address on the envelopes.

*Id*. The Clerk then re-mailed both Court Orders to Plaintiff's forwarding address. *See id*. To date, however, Plaintiff has not complied with the undersigned's Order, and the time to do so has lapsed; nor has she otherwise communicated with the Court in any manner.

## II.

The Federal Rules of Civil Procedure authorize the Court to dismiss an action involuntarily when the plaintiff "fails to prosecute or to comply with the[ ] rules or a court order[.]" Fed. R. Civ. P. 41(b). "[B]uild[ing] upon a federal court's well-established inherent authority, of ancient origin, to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," the dismissal authority conferred by Rule 41(b) "recognizes the foundational principle that courts must have the authority to control litigation before them." *Ramsey v. Rubenstein*, 2:14-CV-03434, 2016 WL 5109162, at *2 (S.D. W. Va. Sept. 19, 2016) (citations omitted). Although Rule 41(b) does not expressly provide for *sua sponte* dismissal, "a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order . . . whether or not a defendant makes a motion requesting that such action be taken." *Id*. at *2 (S.D. W. Va. Sept. 19, 2016) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("Unless otherwise noted in the dismissal order, a Rule 41(b) dismissal is with prejudice. Fed. R. Civ. P. 41(b). *See also Link*, 370 U.S. at 629 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.")).

The Fourth Circuit set forth four distinct factors that a federal district court must consider in determining whether to dismiss an action for failure to prosecute pursuant to Federal Rule 41(b): first, the plaintiff's degree of personal responsibility for not

prosecuting the action; second, the amount of prejudice that this failure caused the defendant(s) to incur; third, the context of the plaintiff's failure to prosecute in relation to the overall litigation—particularly, whether there has been a drawn-out history of plaintiff's deliberately proceeding in a dilatory fashion; and, fourth and finally, the effectiveness of sanctions less drastic than dismissal. *Ramsey*, 2016 WL 5109162, at *2 (citing *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)) [hereinafter the "*Hillig* factors"].

These four *Hillig* factors "are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether or not dismissal is appropriate." *Ramsey*, 2016 WL 5109162, at *2 (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1991)). Although dismissal with prejudice is "a harsh sanction which should not be invoked lightly[,]" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), the ultimate decision of whether dismissal is proper is left to the discretion of the district court. *See, e.g.*, *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952). "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Douglas v. Heater*, No. 2:20-CV-00856, 2021 WL 784806, at *2 (S.D.W. Va. Mar. 1, 2021) (citing *Bey ex rel. Graves v. Virginia*, 546 F. App'x 228, 229 (4th Cir. 2013) (per curiam)).

III.

In the case at hand, all four of the *Hillig* factors support involuntary dismissal pursuant to Rule 41(b). In consideration of the first factor—the Plaintiff's degree of personal responsibility for not prosecuting the action—the record clearly shows that the

4

delays in this case are attributable solely to the Plaintiff. Her former counsel, attorney Paul M. Stroebel, represented to the Court in his motion to withdraw as counsel that—as of the date the motion to withdraw was filed on April 24, 2024—Plaintiff had "failed to communicate with counsel for approximately 10 months." [ECF No. 14 at 2]. Mr. Stroebel further reported that his office reached out to two of Plaintiff's close family members, and "informed them of the need for plaintiff to contact counsel . . . [but] [d]espite these requests, Ms. Raabe has failed to contact counsel[,] Ms. Raabe's phone number is no longer active, and she has not responded to letters." *Id.* Based upon her failure to heed her counsel's multiple attempts to reach out to her, Plaintiff disobeyed the undersigned's March 4, 2024 compelling her to respond to Officer Harvey's discovery requests. Based upon these facts, the undersigned **FINDS** that the first factor weighs in favor of dismissal. *See Peterson v. Wyeth LLC*, 2:13-cv-5805, 2013 WL 2607640, at *1 (S.D. W. Va. June 11, 2013) (finding dismissal to be proper when "the plaintiffs ignored multiple inquiries from their counsel concerning the case").

Turning to the second *Hillig* factor—the amount of prejudice caused to the defendant—the record also shows that Officer Harvey has incurred substantial prejudice. He removed this civil action on August 28, 2023, and has since actively participated in litigation by counsel; this involved conferring with Plaintiff's counsel to prepare a Rule 26(f) Report [ECF No. 5]; preparing initial disclosures pursuant to Rule 26(a)(1) [ECF No. 8]; propounding discovery requests [ECF No. 7]; preparing a motion to compel Plaintiff's overdue discovery responses [ECF No. 10]; and preparing a motion to dismiss [ECF No. 15]. Taken together, these actions represent a great deal of time investment by defense counsel, at Defendant's cost. Thus, the undersigned **FINDS** that the second *Hillig* factor also weighs in favor of dismissal.

Likewise, the third *Hillig* factor—the presence of a drawn-out history of deliberately proceeding in a dilatory fashion—is evident from the record. Plaintiff disobeyed the undersigned's discovery Order compelling her to serve her responses to Officer Harvey's discovery requests as well as the undersigned's Order requiring her to submit a Status Report following her counsel's withdrawal. Taken together with Mr. Stroebel's representation that he was unable to get in contact with Plaintiff for just short of a year before his withdrawal, Plaintiff has clearly been dilatory in prosecuting this case. Thus, the undersigned **FINDS** that the third *Hillig* factor weighs in favor of dismissal as well.

Finally, the fourth *Hillig* factor—the effectiveness of sanctions less drastic than dismissal—also weighs in favor of dismissal pursuant to Rule 41(b). As discussed *supra*, Plaintiff has ignored the undersigned's express warning that her failure to file a timely Status Report as ordered would result in the undersigned's recommendation of dismissal. "Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case." *Douglas*, 2021 WL 784806, at *2. This is particularly so when, to date, Plaintiff has not requested an extension of time; she has not requested relief from the two Court Orders that she disobeyed; she has not contacted the Court; and she has not made any filing on the record at all since her counsel withdrew. Indeed, after filing this civil action more than a year ago on April 12, 2023, the only steps Plaintiff has taken to advance her case is her counsel's participation in the Rule 26(f) conference and filing of the parties' Rule 26(f) report on October 6, 2023. [ECF No. 5]. Her failure to act despite numerous warnings by this Court as well as the efforts of her former counsel indicates plainly that "a less drastic course would likewise have no effect." *Peterson v. Wyeth LLC*, 2:13-5805, 2013 WL 2607640, at

*1 (S.D.W. Va. June 11, 2013) (dismissing for failure to prosecute when plaintiffs ignored counsels' multiple inquiries about the case and despite the court's warning that it would consider plaintiffs' continued failure to respond as grounds for dismissal). Consequently, the undersigned **FINDS** that the fourth *Hillig* factor—as each of the foregoing factors— weighs in favor of dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IV.

For the foregoing reasons, it is respectfully **RECOMMENDED** that this matter be involuntarily **DISMISSED** with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown. A copy of any objections shall be provided to Judge Copenhaver and to each opposing party, except that, if any opposing party is represented by counsel, that party's copy should be provided to his or her counsel.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to transmit a copy to counsel of record and any unrepresented party.

ENTER:    May 21, 2024

Dwane L. Tinsley
United States Magistrate Judge